| | |
|---|---|
| 1 | Robert L. Sallander Jr. (SBN 118352) |
|   | Dean C. Burnick (SBN 146914) |
| 2 | GREENAN, PEFFER, SALLANDER & LALLY LLP |
|   | 6111 Bollinger Canyon Road, Suite 500 |
| 3 | San Ramon, California 94583 |
|   | Telephone: (925) 866-1000 |
| 4 | Facsimile: (925) 830-8787 |
| 5 | Attorneys for MASSACHUSETTS |
|   | MUTUAL LIFE INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) ) ) | Case No.: CV08-01041 R (MAN X) |
| Plaintiff, | ) ) ) | [~~Proposed~~] **PROTECTIVE ORDER** |
| vs. | ) ) | |
| LETANTIA B. BUSSELL, an individual, and THE UNITED STATES OF AMERICA, and DOES 1 through 20, | ) ) ) ) ) | |
| Defendant. | ) | |
| AND RELATED COUNTER-CLAIM | ) ) ) ) | |

Greenan,
Peffer,
Sallander &
Lally LLP

1   The following Protective Order ("Protective Order") shall govern the future handling of
2  documents, testimony, depositions, deposition exhibits, interrogatory responses, admissions, and
3  any other information produced, given or disclosed by any party or non-party (the "Producing
4  Party") to this action (the "Litigation") in connection with discovery in the Litigation (such
5  information hereinafter referred to as "Discovery Material"):
6   1.   Any Producing Party may designate Discovery Material as "Confidential" under
7  the terms of this Protective Order if such party in good faith believes that such Discovery
8  Material contains non-public confidential, proprietary, commercially sensitive, personally
9  sensitive or private information that requires the protections provided for by this Protective
10 Order ("Confidential Discovery Material").  The Producing Party may properly designate as
11 Confidential Discovery Material, all non-public materials containing information falling into one
12 or more of the following categories: the medical records of Defendant Letantia B. Bussell
13 ("Bussell"); the personal tax and other financial information of Bussell; the tax and other
14 financial information of Bussell's medical practice and other business enterprises; trade secrets
15 used in Bussell's medical practice and other business enterprises; the identity of the patients
16 Bussell treats and/or examines, or has treated and/or examined; private information of all current
17 and former full-time employees, part-time employees and/or others compensated directly or
18 indirectly by Bussell in her medical practice and/or other business enterprises; and any other
19 information that the parties may be required to maintain in confidence or may reasonably deem
20 confidential.
21  2.   Any Producing Party may also apply for an order to supplement the foregoing
22 categories of Confidential Discovery Material or to designate particular documents not within the
23 foregoing categories as Confidential Discovery Material.  The designation by a Producing Party
24 of Discovery Material as "Confidential" shall constitute a representation that such Discovery
25 Material has been reviewed by the Producing Party or an attorney for the Producing Party, and
26 that there is a good faith basis for such designation.
27  3.   Subject to the following exception, Confidential Discovery Material, or
28 information derived therefrom, shall be used solely for purposes of this Litigation, and any

Greenan,
Peffer,
Sallander &
Lally LLP

3

Protective Order                                                                                                           CV08-01041 R (MAN X)

appellate proceeding arising therefrom, and shall not be used for any other purpose, including, without limitation, any other litigation, business or commercial purpose. If information is discovered in the captioned action which provides The United States of America, by and through its counsel of record in the U.S. Attorney's Office, with a reasonable basis to believe that a crime has been committed, then counsel of record for the United States shall be able to refer that information to others in the U.S. Attorney's office, Department of Justice, or any local, State or Federal law enforcement agency without notice to any other party or attorney of record herein.

4.    The designation of Discovery Material as "Confidential" for purposes of this Protective Order shall be made in the following manner by a Producing Party:

(A)    In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding, the legend "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material. The failure to designate a document as "Confidential – Subject to Protective Order" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced by supplemental written notice to the undersigned counsel for all parties within 14 days following initial production, with the effect that such document is subject to the protections of this Protective Order from the date of receipt of such written notice; and

(B)    In the case of depositions or other pretrial testimony: (i) by an oral statement on the record by counsel, at the time of such disclosure that certain information or testimony constitutes Confidential Discovery Material, or, in appropriate circumstances, that the entire deposition transcript is so designated; or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof; and in all instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. With respect to depositions, only those portions of the

transcripts designated as "Confidential" in these actions shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through either written agreement or agreement reached on the record at such deposition, without further order of the Court.

5. For all Confidential Discovery Material identified in Paragraph 1, above, all Discovery Material designated "Confidential" may be summarized, described, characterized or otherwise communicated or made available, in whole or in part, only to the following persons:

(A) Any Pro Se Party and Counsel who represent parties that have appeared in this Litigation, and regular and temporary employees of such counsel as necessary to assist in the conduct of the Litigation for use in accordance with this Protective Order;

(B) Experts or consultants and their employees, as necessary to assist counsel or any party in connection with this Litigation;

(C) Witnesses and deponents not covered by or identified by any other subparagraph hereof, and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this Litigation;

(D) The directors, officers and employees of MassMutual and any such subsidiaries or affiliates thereof, including the former directors, officers and employees of the former Connecticut Mutual Life Insurance Company, as are assisting in this Litigation;

(E) The parties, to the extent necessary to the conduct of the Litigation for use in accordance with this Protective Order;

(F) Others at the U.S. Attorney's Office or Department of Justice who are not counsel of record for The United States of America who oversee and/or supervise the conduct of this litigation on behalf of the United States;

(G) The Court and its personnel, including court reporters employed by the Court;

(H) Stenographic reporters and videographers retained by the parties to transcribe and record deposition testimony conducted in this action;

(I) Any other person upon further order of the Court or upon stipulation of the

Producing Party.

6. Access to Confidential Discovery Material shall be provided to persons listed in Subparagraphs 5(B)-(E) only after execution of an undertaking in the form attached as Exhibit A to this Protective Order. Every person with access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order, and may not be disclosed other than pursuant to the terms thereof. If a witness declines to execute Exhibit A or similar form of undertaking, he or she may still be shown Confidential Discovery Material during their deposition and thereafter for the limited purpose of correcting and/or making other changes to their deposition testimony appearing on their deposition transcript, provided each such witness is advised during the deposition that the confidential information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof.

7. All documents of any nature designated as "Confidential," including briefs which have been designated by their author as "Confidential," are to be filed with the Court under seal. Where possible, only confidential portions shall be filed under seal.

8. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

(A) Operate as an admission by any party that any designated Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(B) Operate as an admission by any party that the restrictions and procedure set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(C) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(D) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

Greenan,
Peffer,
Sallander &
Lally LLP

6

Protective Order CV08-01041 R (MAN X)

(E) Prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

9. This Protective Order has no effect upon, and shall not apply to, the use by a Producing Party of Discovery Material, including Confidential Discovery Material, it has produced.

10. Following execution hereof, the inadvertent production of any document or other information deemed Confidential under this Protective Order during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the receiving party is notified within fourteen (14) days of that inadvertent production. Upon submission of sworn proof of the privileged or work-product protected nature of such inadvertently produced document or information and written request by the inadvertently producing party or entity, the receiving party shall (a) return the original and all copies of such documents and (b) shall not use such information for any purpose until further order of the Court.

11. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party, through its counsel, executes this Protective Order and, at the request of any party, files with the Court its agreement to be fully bound by this Protective Order in the form attached hereto as Exhibit A.

12. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery in this Litigation. Any paragraph, provision, or procedure set forth in this Protective Order may be amended or modified by the Court on its own motion or upon motion by any party after notice to all opposing parties.

13. Absent written permission of the Producing Party or further order of the Court, this Protective Order shall continue to bind all parties to it throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within thirty (30) days after the expiration of the time to appeal from the entry of an order, judgment or decree finally

Greenan, Peffer, Sallander & Lally LLP

1   disposing of the Litigation, all persons having received Confidential Discovery Material shall
2   either destroy or return all such material produced, including all copies, summaries and excerpts
3   thereof, to counsel for the Producing Party or to the Producing Party herself, as the case may be.
4   counsel for the parties shall be entitled to retain its court papers, deposition and trial transcripts,
5   and attorney work product (including discovery material containing Confidential Discovery
6   Material) provided that such counsel, and employees of counsel, shall not disclose such court
7   papers or attorney work product to any person except pursuant to court order or agreement with
8   the Producing Party.  All materials returned to the parties or their counsel by the Court shall be
9   disposed of in accordance with this paragraph.
10          14.     During this Litigation, any party may object to the designation of any Discovery
11  Material or testimony as Confidential Discovery Material in writing within 30 days of its receipt
12  of notice of the designation.  Upon objection to a designation, and only following a good faith
13  effort to resolve any such objection without the need for court involvement, the Producing Party
14  who has made the designation of Confidential Discovery Material may move on reasonable
15  notice for any order reinstating the designation.  That motion must be filed within 14 days
16  following service of the objection and shall be subject to Rule 37 of the Federal Rules of Civil
17  Procedure.  During the meet and confer process necessary to bring a motion and throughout the
18  time when such application is pending, the Discovery Material or testimony in question shall be
19  treated as Confidential Discovery Material pursuant to this Stipulation, and the objecting party
20  shall use good faith efforts to avoid disclosing all such documents and information to persons not
21  subject to this Protective Order during this time frame.  The provisions of this paragraph are
22  intended to place the burden of establishing confidentiality on the Producing Party.
23          15.     In the event that any party appeals from any decision of the trial court in this
24  Litigation, the parties hereto agree to undertake whatever actions are necessary, if any, to
25  maintain under seal the documents filed with the trial court which contain or disclose
26  Confidential Discovery Material.  Nothing in this paragraph or Protective Order, however, is
27  intended to limit or otherwise alter that which any party may use to prosecute or respond to any
28  appeal or writ practice in the Litigation.

Greenan,
Peffer,
Sallander &
Lally LLP

8

16. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal there from, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings. Under no circumstances shall the terms of this Protective Order prevent any information or documents from being presented at, or used in connection with, any hearing or trial in the Litigation.

17. If any person receiving Confidential Discovery Materials covered by this Protective Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she, or it is a party, or (c) is served with any other legal process by one not a party to the Litigation, seeking Confidential Discovery Material by someone other than the receiver of such confidential materials, the receiver shall give prompt actual written notice, by hand or facsimile transmission within forty-eight (48) hours of receipt of such subpoena, demand, or other legal process, to the Producing Party or counsel of record for the Producing Party for the Confidential Discovery Material so requested. The Receiver shall not produce the Discovery Materials until ninety-six (96) hours after giving such notice, unless required to do so by the subpoena demand or other legal process, in which case, the Receiver shall not produce the Discovery Material before the last business day legally permissible. Should the person seeking access to the Confidential Discovery Material take action against the receiver or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the receiver shall utilize best efforts to notify the Producing Party of the action taken within 48 hours, or soon as possible. Beyond notifying the Producing Party, the receiver shall have no further obligations to challenge or resist any such subpoena, demand or legal process. Nothing herein shall be construed as requiring the receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Discovery Material

///

///

///

Greenan, Peffer, Sallander & Lally LLP

9

Protective Order                                                                                                    CV08-01041 R (MAN X)

1  covered by this Protective Order, or to subject himself, herself or itself to any penalties for non-
2  compliance with any subpoena, legal process or order, or to seek any relief from this or any
3  court.
4      IT IS SO ORDERED.
5
6                                  UNITED STATES DISTRICT COURT
7
8
9  Dated:   Sept. 2, 2008        _____
10                                 The Honorable Manuel Real

# EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I,_____, declare as follows:

1.  I acknowledge that I have received a copy of the Protective Order Governing Discovery and/or Exchange of Confidential Information between the parties in this action, *Massachusetts Mutual Life Insurance Company v. Letantia Bussell, The United States of America and Does 1-20*, United States District Court for the Central District of California, Case No. CV-08-01041 R (MAN X) (the "Order"). I have read the Order, understand it and hereby agree to comply with, and be bound by, the terms and conditions of the Order unless and until modified by further order of this Court.

2.  I acknowledge that, under the terms of the Order, I am forbidden to disclose to any person or entity "Confidential Discovery Material" that the parties have produced in the above-entitled action, except as expressly permitted under the terms of the Order, and that I am forbidden to use any such "Confidential Discovery Material" for any purpose except as permitted under the terms of the Order.

3.  I will not use such Confidential Material for any purpose other than in connection with this action, and will return all Confidential Discovery Material provided to me as well as those materials generated by me containing Confidential Discovery Material (along with any copies I may have made) to counsel for the party with which I am affiliated upon request at the conclusion of this action.

4.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __ day of _____, ____, at _____.

Signature: _____

Printed Name:_____

Greenan,
Peffer,
Sallander &
Lally LLP